UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL E. HOLLEY, JR.,

                      **Plaintiff,**

  vs.                                         9:22-CV-01119
                                                 (MAD/TWD)

J. SPINNER, *Sergeant*, *UCF-RRU*;
A. MENARD, *Correctional Officer*, *UCF-RRU*;
N.C. TATRO, *Correctional Officer*, *UCF-RRU*;
K. MARSTON, *Correctional Officer*, *UCF-RRU*;
and M. ASHLEY, *Correctional Officer*,
*UCF-RRU*,

                      **Defendants.**
_____

APPEARANCES:                                OF COUNSEL:

**NIXON PEABODY LLP**                  **DANIEL J. HURTEAU, ESQ.**
677 Broadway, 10th Floor              **CHRISTOPHER JOHN STEVENS, ESQ.**
Albany, New York 12207
Attorneys for Plaintiff

**NIXON PEABODY LLP**                    **SARAH N. CLANCY, ESQ.**
211 High Point Drive - Suite 110
Victor, New York 14564
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**        **ALEXANDRA L. GALUS, AAG**
**STATE ATTORNEY GENERAL**       **DAVID C. WHITE, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, Michael E. Holley, Jr., commenced this action on October 28, 2022, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Upstate Correctional Facility ("Upstate").  *See* Dkt. No. 1.  By Decision and Order issued on December 5, 2022, this Court found that the following claims survived initial review: (1) Eighth Amendment excessive force and failure to intervene claims against Defendants Spinner, Menard, Marston, Ashley, and Tatro; (2) Eighth Amendment deliberate medical indifference claims against Defendants Gilmore and Spinner; and (3) Fourteenth Amendment Equal Protection claims against Defendants Gilmore, Spinner, and Tatro.  *See* Dkt. No. 4.  By Memorandum-Decision and Order dated April 22, 2025, this Court granted Defendants' motion for partial summary judgment and dismissed: (1) Plaintiff's excessive force and Equal Protection claims, as they relate to an incident that occurred at approximately 9:18 a.m. on June 20, 2022, for failure to exhaust administrative remedies; and (2) Plaintiff's Eight Amendment medical indifference claim because Plaintiff failed to establish the objective and subjective elements for such a claim.  *See id.*

Accordingly, the Defendants that remain are Spinner, Menard, Marston, Ashley, and Tatro (hereinafter, "Defendants") and the claims that remain for trial are: (1) Eighth Amendment excessive force and failure to intervene claims for an incident that occurred at approximately 11:17 a.m. on June 20, 2022, against all Defendants; and (2) violation of the Equal Protection Clause of the Fourteenth Amendment related to the same incident, against Spinner and Tatro.  *See id.*  Trial is scheduled to commence on August 25, 2025.

In advance of trial, Plaintiff and Defendants have moved *in limine* regarding certain evidence.  *See* Dkt. Nos. 78, 82.  Plaintiff seeks to preclude Defendants from introducing or

referencing Plaintiff's 2016 criminal conviction for first degree manslaughter, a Class B felony, or Plaintiff's institutional disciplinary history. See Dkt. No. 82 at 6.

Defendants seek to admit evidence of Plaintiff's criminal convictions for purposes of impeachment and seek to preclude (1) evidence of or argument regarding a conspiracy by Defendants and/or DOCCS; (2) evidence or testimony related to Defendants' disciplinary histories, personnel files or other lawsuits; (3) any testimony or other evidence at trial about other inmates being harmed at Upstate or any other correctional facility, as well as testimony or other evidence about any Defendant having a reputation for engaging in excessive force against inmates; (4) testimony regarding claims previously dismissed in this action; (5) opinion testimony from Plaintiff regarding his injuries; (6) references to or evidence regarding the Marcy Correctional Facility incident involving Robert Brooks, the Mid-State Correctional Facility incident involving Messiah Nantwi, or the DOCCS strike; (7) evidence or references regarding potential indemnification of Defendants; and (8) suggestions of a sum as compensation for non-economic damages during Plaintiff's summation. See Dkt. No. 78 at 4.

The Court assumes the parties' familiarity with the factual background in this action, as well as previous orders and decisions in this matter. As set forth below, the motions *in limine* are granted in part and denied in part.

## II. DISCUSSION

**A.    Motion *in Limine* Standard**

A motion *in limine* enables the Court to make an advance ruling on the admissibility of certain anticipated trial evidence. See *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."

*Coleman v. Durkin*, 585 F. Supp. 3d 208, 212 (N.D.N.Y. 2022).  Generally, all "[r]elevant evidence is admissible" unless otherwise provided by an Act of Congress, the United States Constitution, or the Federal Rules of Evidence.  Fed. R. Evid. 402.  For instance, Rule 403 grants "the trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative."  *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (citing Fed. R. Evid. 403; *United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986); *United States Martinez*, 775 F.2d 31, 37 (2d Cir. 1985)).  Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  The Court is also "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer."  *Luce*, 469 U.S. at 41-42.

**B.     Moot Issues**

Defendants state that they do not intend to inquire into Plaintiff's past disciplinary history, except regarding Plaintiff's misbehavior report related to the claims in this action, which the parties have stipulated to.  *See* Dkt. No. 90 at 1.  Thus, this portion of Plaintiff's motion *in limine* is denied as moot.

Plaintiff indicates that he does not intend to offer argument, testimony, or other evidence regarding: (1) other inmates being harmed at Upstate or any other correctional facility, or about any Defendant having a reputation for engaging in excessive force against inmates; (2) the Marcy Correctional Facility incident involving Robert Brooks, the Mid-State Correctional Facility incident involving Messiah Nantwi, or the DOCCS strike; (3) potential indemnification of

Defendants; [1] or (4) a sum as compensation for non-economic damages during summation. *See* Dkt. No. 91 at 10. Accordingly, Defendants' motion is denied as moot to the extent it requests the Court preclude Plaintiff from introducing such evidence. *See* Dkt. No. 78 at 13-15, 17-20.

**C.      Plaintiff's Prior Convictions**

Defendants seek to offer, on cross-examination, evidence regarding the "essential facts" of Plaintiff's prior felony convictions, including the statutory names of the offenses, the dates of conviction, and the overall sentence imposed, for impeachment purposes. *See* Dkt. No. 78 at 5-9. Defendants argue that the probative value of introducing evidence of Plaintiff's 2016 conviction for manslaughter in the first degree, a Class B felony (the "2016 conviction"), "far outweighs its prejudicial effect[.]" *Id.* at 6. Conversely, Plaintiff seeks the preclusion of evidence of his prior criminal conviction, arguing that such evidence is irrelevant and unduly prejudicial. *See* Dkt. No. 82 at 7-10.

Plaintiff acknowledges the 2016 conviction. *See* Dkt. No. 82 at 6. However, Defendants provide no further information regarding the essential facts of the 2016 conviction for the Court's consideration. According to the DOCCS online "Incarcerated Lookup," Plaintiff has been in DOCCS custody since June 20, 2016, and his crime of conviction is manslaughter in first degree, a Class B felony. *See* New York State DOCCS Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov (last visited August 12, 2025).

---

[1] Although this point is moot with regard to Plaintiff's case-in-chief, should the jury find that Plaintiff is entitled to an award of punitive damages, this Memorandum-Decision and Order does not outright preclude Plaintiff from introducing evidence relating to an indemnification agreement for proper purposes later. *See Mathie v. Fries*, 121 F.3d 808, 816 (2d Cir. 1997) ("Although we do not decide the question of whether a fact-finder can rely upon the existence of an indemnity agreement in order to *increase* an award of punitive damages, we rule that a fact-finder can properly consider the existence of such an agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount that would otherwise be awarded") (emphasis in original).

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "evidence of conviction of a certain type of crime[,] one involving dishonesty o[r] false statement[,] must be admitted, with the trial court having no discretion." *United States v. Bumagin*, 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

As an initial matter, Plaintiff was sentenced to a term greater than one year, was convicted less than ten years ago, and is still incarcerated for the conviction at issue. *See* Dkt. No. 78 at 6. Accordingly, Rule 609(a), rather than Rule 609(b), applies. *See* Fed. R. Evid. 609. Furthermore, Plaintiff's crime of conviction did not require admitting a dishonest act or false statement. *See id.* Therefore, Rule 609(a)(2) is inapplicable, and Rule 609(a)(1) applies. *See id.* Thus, the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon v. Kinter*, No. 13-CV-00939, 2021 WL 3032693, *2 (N.D.N.Y. July 19, 2021); *see also Estrada*, 430 F.3d at 615-16.

When "balancing probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing, *inter alia*, *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of *veracity*.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations and emphasis in original).

As for the first factor, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," but "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 617. Crimes of violence are not, in general, particularly probative as to honesty or veracity. *See id.* at 617-18. However, "'crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than

7

impulse or anger, and usually it involves some element of deceiving the victim.'" *Id.* at 618 (quotation and other citation omitted). Here, Plaintiff's conviction for manslaughter is not particularly probative as to honesty and veracity. *See Thousand v. Corrigan*, No. 9:15-CV-01025, 2017 WL 4480185, *4 (N.D.N.Y. Oct. 6, 2017) ("Plaintiff's conviction for manslaughter in the first degree is not particularly probative as to honesty and veracity"). Therefore, the first factor militates against the admissibility of the 2016 conviction.

Second, the 2016 conviction occurred approximately nine years ago, and Plaintiff remains incarcerated as a result of this crime. Thus, the second factor (remoteness) favors admission of the evidence. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011).

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009) (citations omitted). A conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (precluding admission of prior assault conviction where incarcerated individual alleged correction officers used excessive force because "assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition"). Although Plaintiff was convicted of manslaughter and not assault, "the danger in this case, as in *Lewis*, is that the nature of Plaintiff's convictions might unfairly bias the jury against him" because "the jury is likely to draw the inference from the nature of Plaintiff's conviction that he has the propensity to engage in violent behavior." *Thousand*, 2017 WL

8

4480185, at *4 (limiting admission of evidence of manslaughter conviction where the plaintiff alleged corrections officers assaulted him during confinement in DOCCS custody).  Thus, the third factor weighs against admitting this evidence.

Finally, as to the fourth factor, it is clear that Plaintiff's credibility is a central issue in this case.  "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction."  *Jean-Laurent*, 840 F. Supp. 2d at 544.  Therefore, the fourth factor weighs in favor of admitting the 2016 conviction for impeachment purposes.

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Although most of these considerations are incorporated into the Rule 609(a) factors, it is worth noting that the factors of undue delay and wasting time militate against admitting evidence of the details of the 2016 conviction.  The fact that Plaintiff is a convicted felon, and that the circumstances underlying the instant matter arose while he was incarcerated, are sufficient to impeach his credibility.  A recitation of the details of Plaintiff's criminal history runs the risk of confusing the issues, wasting time, and causing undue delay.

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony conviction, as well as the date and the sentence imposed, outweighs the prejudicial effect of the evidence.  However, the probative value of the name and nature of the conviction is substantially outweighed by the danger of unfair prejudice.  Accordingly, evidence as to the date of Plaintiff's felony conviction and the sentence imposed is admissible; the name

and nature of the conviction is not. S*ee Thousand*, 2017 WL 4480185, at *5 (permitting evidence of the date of the plaintiff's manslaughter conviction and the sentence imposed but precluding the name and nature of the conviction).

Based on the forgoing, the parties' motions are granted in part and denied in part. Of course, in the event Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying conviction, the Court will determine at that time whether Defendants will be permitted to cross-examine him on the relevant details of the 2016 conviction.

**D.    Conspiracy**

Defendants argue that any evidence or argument that Plaintiff is the victim of a conspiracy orchestrated by Defendants and/or DOCCS is irrelevant and unduly prejudicial. *See* Dkt. No. 78 at 9-12. Plaintiff indicates that he does not intend to litigate a conspiracy claim at trial, but contends that he should not be precluded from arguing or presenting evidence that Defendants lied about the alleged assault. *See* Dkt. No. 91 at 7. At the final pre-trial conference, held August 15, 2025, Plaintiff's counsel also indicated that Plaintiff has no intention of presenting a conspiracy claim at trial.

The Court agrees that any alleged conspiracy has no relevance because Plaintiff never asserted such a claim and litigation of the matter is not relevant to establishing Plaintiff's claims against Defendants. *See Tubbs v. Uhler*, No. 9:19-CV-126, 2024 WL 1219754, *4 (N.D.N.Y. Mar. 21, 2024). Moreover, even if such argument was marginally relevant, it would be unduly prejudicial. *See Lynch v. Barker*, No. 9:21-CV-895, 2022 WL 17093420, *5 (N.D.N.Y. Nov. 21, 2022). Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

On the other hand, the Court agrees with Plaintiff that he should not be precluded from presenting argument or evidence that Defendants sought to cover up the alleged assault through lies or exaggeration. *See Randolph v. Dias*, No. 9:21-CV-661, 2023 WL 3251422, *3 (N.D.N.Y. May 4, 2023) (holding that "the probative benefit of any testimony about overarching conspiracies is significantly outweighed by the dangers set forth in Rule 403," but noting the "[p]laintiff is, of course, free to argue or introduce evidence establishing that [the d]efendants or others have lied about the underlying incident").

Accordingly, Defendants' motion to preclude Plaintiff from presenting evidence that Defendants and/or DOCCS engaged in a conspiracy to carry out or cover-up the underlying incident is granted, but the motion is denied to the extent Defendants seek to preclude Plaintiff from offering evidence or argument regarding whether Defendants or others lied about the alleged assault.[2]

**E.    Defendants' Disciplinary Histories, Personnel Files, and Other Lawsuits**

Defendants seek to preclude evidence of their disciplinary histories, personnel files, or other lawsuits because this evidence is irrelevant, unduly prejudicial, and would confuse the jury. *See* Dkt. No. 78 at 12-13. Plaintiff contends that preclusion of this evidence would be premature, as Defendants have not established that evidence or inquiry regarding Defendants' disciplinary history, lawsuits, and/or judgments is inadmissible on all potential grounds. *See* Dkt. No. 91 at 7-8.

Pursuant to Rule 608(b) "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the

---

[2] To the extent Defendants seek preclusion of specific phrases, such as "the thin blue line," Dkt. No. 78 at 10, the Court denies such request without prejudice to renew in the context of trial.

11

court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness . . . ." Fed. R. Evid. 608(b). Additionally, Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Thus, Rule 404(b) "prohibits the introduction of character evidence to show that an individual has a certain predisposition, and acted consistently with such predisposition during the event in question." *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 46 (N.D.N.Y. 2022) (citation omitted). However, such evidence may be admissible if offered for a different purpose "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," subject to a Rule 403 analysis. Fed. R. Evid. 404(b)(2).

"[T]he decision to admit evidence pursuant to Rule 404(b) depends on 'whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403.'" *Tubbs*, 2024 WL 1219754, at \*4 (quoting *Huddleston v. United States*, 485 U.S. 681, 688 (1988)). "Further, where evidence is prejudicial, irrelevant, and presents the risk of confusing the jury, it must be precluded from trial." *Id.* (citing *Lynch*, 2022 WL 17093420, at \*3).

Here, the Court agrees with Defendants that there is no basis to admit evidence or testimony related to Defendants' disciplinary histories, personnel files, or prior lawsuits. First, there is no basis to conclude that any such evidence falls under the Rule 404(b) exceptions. Second, this evidence would only serve to prejudice Defendants and confuse the jury. The issues before the jury for purposes of trial are the specific allegations claimed by Plaintiff against each Defendant and nothing more. Introduction of this evidence would serve no purpose other than to

confuse the jury and distract them from the issues in this case and set forth improper character evidence, which is inadmissible. *See* Fed. R. Evid. 404(b)(1).

Accordingly, the Court grants this aspect of Defendants' motion *in limine*. The Court may, of course, revisit this ruling at trial should Plaintiff present specific instances of misconduct that could be introduced for a permissible purpose under Rule 404(b).

**F.     Evidence Regarding Previously Dismissed Claims**

Defendants seek preclusion of any evidence regarding claims previously dismissed. *See* Dkt. No. 78 at 15-16. Plaintiff argues that Defendants' request should be denied as too broad because, although Plaintiff does not intend to re-litigate dismissed claims, the events leading up to the 11:17 a.m. incident "are directly relevant to and provide crucial context for Plaintiff's surviving claims." Dkt. No. 91 at 8-9.

As discussed above, this Court dismissed Plaintiff's Eighth Amendment excessive force claim and Fourteenth Amendment Equal Protection claims pertaining to the 9:18 a.m. incident, as well as Plaintiff's Eighth Amendment medical indifference claims. *See* Dkt. No. 63. Accordingly, the only claims remaining for trial are Plaintiff's Eighth Amendment excessive force and failure to intervene claims and Fourteenth Amendment Equal Protection claim related to the 11:17 a.m. incident.

As an overarching matter, the Court will not permit Plaintiff to re-try issues before a jury that were dismissed during initial review or on summary judgment. Pursuant to the long-standing "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984). Thus, where claims have been dismissed, "it is generally appropriate to preclude testimony or evidence regarding those same

13

previously dismissed claims during a jury trial." *Hannah v. Wal-Mart Stores, Inc.*, No. 3:12-CV-01361, 2017 WL 690179, *2 (D. Conn. Feb. 21, 2017), *aff'd sub nom. Hannah v. Walmart Stores, Inc.*, 803 Fed. Appx. 417 (2d Cir. 2020); *see Morales v. N.Y. Dep't of Labor*, No. 06-CV-899, 2012 WL 2571292, *4 (N.D.N.Y. July 3, 2012) (finding "that any testimony or evidence about plaintiff's previously dismissed discrimination claim is excluded" as irrelevant and prohibiting evidence regarding events prior to February 16, 2006 where a "prior Order narrowed the scope of plaintiff's retaliation claim to protected activities that occurred on or after February 16, 2006") (citation omitted).

As the Court is generally bound by its own prior rulings, this evidence would be irrelevant and unnecessary, and any potential probative value is substantially outweighed by the risk of unfair prejudice, confusion and delay. *See* Fed. R. Evid. 403. Thus, to the extent that Defendants seek to preclude Plaintiff from re-litigating issues that the Court has already decided, Defendants' motion is granted.

On the other hand, Defendants' motion is denied without prejudice to renewal in the context of trial, to the extent Defendants seek to categorically exclude all evidence of events that occurred prior to the 11:17 a.m. incident. For example, as Plaintiff notes, Defendant Tatro's alleged use of racial slurs and threats to "f*** [Plaintiff] up," before the 11:17 a.m. incident, are relevant to proving Plaintiff's Fourteenth Amendment Equal Protection claim and the subjective component of his Eighth Amendment excessive force claim. *See* Dkt. No. 91 at 8-9. At this stage, the Court cannot definitively conclude that all references to the events leading up to the 11:17 a.m. incident would be irrelevant, or that their probative value would be substantially outweighed by the concerns contemplated by Rule 403.

Accordingly, Defendants' motion is granted in part and denied in part on this issue. The Court will not disturb prior rulings that dismissed, *inter alia*, Plaintiff's Eighth Amendment excessive force and Fourteenth Amendment Equal Protection claims pertaining to the 9:18 a.m. incident, and Plaintiff's Eighth Amendment medical indifference claims. However, at this time, the Court is not categorically prohibiting potential references to events that preceded the 11:17 a.m. incident, to the extent such references provide relevant context and background. The Court will allow very brief mention of the earlier encounter, to put the 11:17 a.m. incident in context, but Plaintiff may not testify regarding specific facts of the encounter, as claims premised thereon have been dismissed.

**G.   Opinion Testimony Regarding Plaintiff's Injuries**

Defendants contend that Plaintiff should not be permitted to give opinion testimony regarding any injuries he suffered as a result of the underlying events. *See* Dkt. No. 78 at 16. Plaintiff argues that his anticipated testimony concerning his injuries not inadmissible expert testimony and should not be precluded. *See* Dkt. No. 91 at 9-10.

Rule 701 of the Federal Rule of Evidence prohibits opinion testimony by lay witnesses, or testimony based on scientific, technical, or other specialized knowledge. *See* Fed. R. Evid. 701. "However, this Rule does not bar a witness from testifying about their factual experiences of their own injuries." *Colson v. Mingo*, No. 18-CV-2765, 2025 WL 688832, *3 (S.D.N.Y. Mar. 4, 2025). Causation in complex medical cases tends to require the testimony of an expert witness. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) ("Where . . . the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury"). However, "when ordinary lay persons are capable themselves of understanding

the evidence and drawing the necessary inferences, an expert is not required to opine on the cause of injury." *Byfield v. Chapman*, 141 F. Supp. 3d 221, 223 (W.D.N.Y. 2015) (citing *United States v. Castillo*, 924 F.2d 1227, 1232 (2d Cir. 1991)). "Stated differently, when the subject-matter is less complex, jurors may draw upon their own everyday experiences and observations to comprehend the facts and come to their own conclusions as to causation." *Id.* (citing *Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991)). Indeed, "a [lay] witness may testify as to individual symptoms that he has experienced so long as he does not give a conclusion as to the underlying medical cause of such condition." *Johnson v. White*, No. 9:14-CV-00715, 2015 WL 6449126, *3 (N.D.N.Y. Oct. 23, 2015) (citing *Fane*, 927 F.2d at 131).

With regard to the alleged incident that occurred around 11:17 a.m. on June 20, 2022, Plaintiff claims that Defendants Tatro, Menard, Ashley, and Spinner entered Plaintiff's cell and took turns assaulting him. *See* Dkt. No. 1 at ¶¶ 25-34. Plaintiff alleges he suffered bruises and lacerations on his face and arms, burst blood vessels in his left eye, as well as emotional injuries. *See id.* at ¶ 61. These types of injuries do not require expert medical testimony, as they are "within the jury's common experiences and observations." *Williams v. Raimo*, No. 9:10-CV-245, 2012 WL 4911722, *3 (N.D.N.Y. Oct. 15, 2012) (citing *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009)); *see Capak v. Smith*, No. 18-CV-4325, 2023 WL 5465443, *3 (S.D.N.Y. Aug. 24, 2023) (finding expert medical testimony unnecessary to prove causation of concussion, bruising, and broken nose).

Thus, the Court denies Defendants' motion to the extent Defendants seek to preclude Plaintiff from testifying regarding the symptoms he allegedly experienced.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 78) is **GRANTED in part and DENIED in part** as set forth above; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 82) is **GRANTED in part and DENIED in part** as set forth above; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 20, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge